UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY KADDY,
*Plaintiff*,

v.

No. 3:23-cv-812 (JAM)

JAMES KADDY *et al.*,
*Defendants*.

### ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)

The plaintiff has filed this action challenging his confinement in the New Hampshire State Hospital. Because all defendants reside in New Hampshire, and none of the facts alleged occurred in the District of Connecticut, I will transfer this case to the District of New Hampshire.

#### BACKGROUND

Plaintiff Anthony Kaddy, a resident of the New Hampshire Hospital, has filed this action *pro se* and seeking to proceed *in forma pauperis*.[1] Kaddy names three defendants in his original complaint: New Hampshire resident James Kaddy, who the Court assumes is Anthony Kaddy's father, New Hampshire resident Tracy MculBerson, and New Hampshire resident Jayde Cherico.[2] Kaddy subsequently filed an amended complaint bearing the case number of a habeas corpus action Kaddy previously filed in this district.[3] The amended complaint contains similar allegations to the original complaint but names as defendants only the New Hampshire State Hospital and Tracy MculBerson.[4] In response to an inquiry from the Court, Kaddy stated that all papers he submitted were intended to be one case. The Clerk of Court accordingly docketed the amended complaint in this case but terminated no defendants pending this review.

---

[1] Doc. #1 (original complaint); Doc. #7 (amended complaint); *see also* Docs. #6, #9 (motions for leave to proceed *in forma pauperis*).
[2] Doc. #1 at 1–2, 6.
[3] Doc. #7 at 1 (citing docket number for *Kaddy v. State of New Hampshire Hospital*, 3:23-cv-759 (Nagala, J.)).
[4] *Id.* at 1–2.

In both the complaint and amended complaint, Kaddy challenges his confinement in the New Hampshire State Hospital.[5] He alleges that he used drugs with his father when he was five years old, and that his father abused him and later abandoned him.[6] He is under the care of a guardian who gives the hospital permission to experiment on him.[7] He alleges that he has been hospitalized for forty years.[8]

## DISCUSSION

When a case is filed in a district in which venue is improper, the district court shall dismiss the case or "if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a). Although "a district court should not dismiss for improper venue on its own except in extraordinary circumstances," *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (*per curiam*), courts may *sua sponte* transfer cases to a proper venue. *See, e.g.*, *Genao v. Police Serv. Area 6*, 2020 WL 4271710, at *1 (D. Conn. 2020); *see also Corley v. United States*, 11 F.4th 79, 89–90 (2d Cir. 2021) (court may *sua sponte* transfer case pursuant to 28 U.S.C. § 1404(a) for convenience of parties and witnesses).[9]

For civil actions filed in federal district court, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). "[I]f there is no district in which an action may otherwise be brought as provided in [§ 1391]," venue is proper in "any judicial district in which any defendant is

---

[5] Doc. #1; Doc. #7.
[6] Doc. #1 at 3; Doc. #7 at 4.
[7] Doc. #7 at 2.
[8] *Id.* at 4.
[9] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

subject to the court's personal jurisdiction with respect to such action." § 1391(b)(3). "[V]enue is proper so long as the requirements of § 1391(b) are met." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Id.* at 55.

This Court is the wrong venue for the claims in the original and amended complaints because no defendant is alleged to reside in the District of Connecticut and *none* of the facts that give rise to Kaddy's claims—let alone a substantial part of them—are alleged to have occurred in the District of Connecticut. Finally, § 1391(b)(3) does not apply because there is no indication that Kaddy's lawsuit cannot be brought in the District of New Hampshire, where all parties reside. Nor does Kaddy allege facts to suggest that any defendant is subject to personal jurisdiction in the District of Connecticut. It is clear that transfer of this case to the District of New Hampshire pursuant to 28 U.S.C. § 1406(a) is appropriate.

## CONCLUSION

For the reasons set forth above, the Clerk of Court shall forthwith TRANSFER this action to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1406(a). The Clerk is further directed to mail a copy of this order to the plaintiff at his address of record. The Court DENIES all pending motions as moot without prejudice to renewal in the District of New Hampshire.

It is so ordered.

Dated at New Haven this 19th day of July 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge